The Honorable Frederick P. Corbit

**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| REFRESHING USA LIQUIDATION TRUST,<br><br>Remaining Debtor.<br>BRIAN WEISS, as Liquidation Trustee of the REFRESHING USA, LLC LIQUIDATION TRUST,<br><br>Plaintiff,<br><br>v.<br><br>FRESCA 41, LLC, STEPHANE DENEUX, and JOHN DOES #1-10,<br><br>Defendants. | ADV PRO. NO. 26-80062-FPC<br><br>MAIN CASE NO. 24-01863-11<br><br>**ANSWER**<br><br>*JURY DEMAND REQUESTED BY STEPHANE DENEUX* |

Defendants Fresca 41, LLC, and Stephane Deneux through counsel Salish Sea Legal PLLC, answer the Complaint to Avoid and Recover Fraudulent Conveyances as follows:

1. Paragraph 1 of the Complaint contains statements to which no response is required. To the extent that the Plaintiff alleges that Defendants conspired with Ryan Wear and others in a Ponzi scheme, the Defendants specifically deny the allegations.
2. Paragraph 2 of the Complaint contains statements to which no response is required. To the extent that the Plaintiff alleges that Defendants conspired with Ryan Wear and others in a Ponzi scheme, the Defendants specifically deny the allegations.

3. Paragraph 3 of the Complaint contains statements to which no response is required. To the extent that the Plaintiff alleges that this lawsuit is properly brought against Defendants, the Defendants deny this allegation.

**PARTIES**

4. Defendants lack sufficient personal knowledge to admit or deny the allegations in paragraph 4 of the Complaint, and therefore, deny them.
5. In response to paragraph 5 of the Complaint, Fresca 41, LLC alone purchased water vending machines from the Debtors and entered into related service and revenue-share agreements; except as so admitted, denied.
6. Defendants deny the allegations in paragraph 6 of the Complaint because there was no fraudulent conveyance.
7. Paragraph 7 of the Complaint contains statements to which no response is required. To the extent that a response is required, Defendants generally deny the allegation.

**JURISDICTION AND VENUE**

8. Paragraph 8 of the Complaint contains conclusions of law to which no response is required.
9. Paragraph 9 of the Complaint contains conclusions of law to which no response is required.
10. Paragraph 10 of the Complaint contains conclusions of law to which no response is required.
11. Paragraph 11 of the Complaint contains conclusions of law to which no response is required.

## FACTUAL ALLEGATIONS

**The Water Station Ponzi Scheme**

12. Defendants admit the allegations in paragraph 12 of the Complaint.

13. Defendants lack sufficient personal knowledge to admit or deny the allegations in paragraph 13 of the Complaint.

14. Defendants admit the allegations in paragraph 14 of the Complaint.

15. Defendants lack sufficient personal knowledge to admit or deny the allegations in paragraph 15 of the Complaint.

16. Defendants lack sufficient personal knowledge to admit or deny the allegations in paragraph 16 of the Complaint.

17. Defendants lack sufficient personal knowledge to admit or deny the allegations in paragraph 17 of the Complaint.

18. Defendants lack sufficient personal knowledge to admit or deny the allegations in paragraph 18 of the Complaint.

19. Defendants lack sufficient personal knowledge to admit or deny the allegations in paragraph 19 of the Complaint.

20. Defendants lack sufficient personal knowledge to admit or deny the allegations in paragraph 20 of the Complaint.

21. Defendants lack sufficient personal knowledge to admit or deny the allegations in paragraph 21 of the Complaint.

**The Debtor's Bankruptcy Case**

22. Defendants lack sufficient personal knowledge to admit or deny the allegations in paragraph 22 of the Complaint.

23. Defendants lack sufficient personal knowledge to admit or deny the allegations in paragraph 23 of the Complaint.

24. Defendants lack sufficient personal knowledge to admit or deny the allegations in paragraph 24 of the Complaint.

25. Defendants lack sufficient personal knowledge to admit or deny the allegations in paragraph 25 of the Complaint.

26. Defendants lack sufficient personal knowledge to admit or deny the allegations in paragraph 26 of the Complaint.

27. Defendants lack sufficient personal knowledge to admit or deny the allegations in paragraph 27 of the Complaint.

28. Defendants lack sufficient personal knowledge to admit or deny the allegations in paragraph 28 of the Complaint.

**Investor's Investment in the WST Enterprise and the Fraudulent Transfers**

29. Defendants admit the allegations in paragraph 29 of the Complaint.

30. Defendants admit the allegations in paragraph 30 of the Complaint to the extent that Fresca41 received the payments listed in Exhibit A, but deny the balance of the allegations.

31. Defendants deny the allegations in paragraph 31 of the Complaint.

32. Paragraph 32 of the Complaint contains statements to which no response is required. To the extent that Defendants need to respond, they deny that they received inquiry notice of a Ponzi scheme or that they doubted the solvency of the transferor entity.

**FIRST CAUSE OF ACTION**

**Action to Avoid Intentionally Fraudulent Transfers of Money and Other Property and Preserve the Same for the Benefit of the Estate Pursuant to RCW 19.40.041(a)(l) and 19.40.071, and Bankruptcy Code§§ 544(b), 548(a)(l), 550(a), and 551**

33. Defendants repeat and reallege each and every allegation contained in Paragraphs 1 through 32 as if fully set forth herein at length.

34. Defendants lack sufficient personal knowledge to admit or deny the allegations in paragraph 34 of the Complaint.

35. Defendants deny the allegations in paragraph 35 of the Complaint.

36. Defendants deny the allegations in paragraph 36 of the Complaint.

37. Defendants deny the allegations in paragraph 37 of the Complaint.

**SECOND CAUSE OF ACTION**

**Action to Avoid Constructively Fraudulent Transfers of Money and Property and Preserve Same for the Benefit of the Estate Pursuant to RCW 19.40.041(a)(2), RCW 19.40.051(a), and RCW 19.40.071, and Bankruptcy Code §§ 544, 548(a)(l), 550(a), and 551**

38. Defendants repeat and reallege each and every allegation contained in Paragraphs 1 through 37 as if fully set forth herein at length.

39. Defendants lack sufficient personal knowledge to admit or deny the allegations in paragraph 39 of the Complaint.

40. Defendants deny the allegations in paragraph 40 of the Complaint.

41. Defendants deny the allegations in paragraph 41 of the Complaint.

42. Defendants deny the allegations in paragraph 42 of the Complaint.

43. Defendants deny the allegations in paragraph 43 of the Complaint.

44. Defendants deny the allegations in paragraph 44 of the Complaint.

45. Defendants deny the allegations in paragraph 45 of the Complaint.

## THIRD CAUSE OF ACTION

### Disallowance of claims Pursuant to Bankruptcy Code§§ 502(a) and (d)

46. Defendants repeat and reallege each and every allegation contained in Paragraphs 1 through 45 as if fully set forth herein at length.

47. Defendants deny the allegations in paragraph 47 of the Complaint.

## PRAYER FOR RELIEF

48. Defendants deny the allegations in paragraph 48 of the Complaint.

49. Defendants deny the allegations in paragraph 49 of the Complaint.

50. Defendants deny the allegations in paragraph 50 of the Complaint.

51. Defendants deny the allegations in paragraph 51 of the Complaint.

52. Defendants deny the allegations in paragraph 52 of the Complaint.

## AFFIRMATIVE DEFENSES

Discovery is ongoing in this case, and Defendants reserve the right to interpose affirmative defenses aside and apart from the following: good faith for value (548(c) / RCW 19.40.081); 550(b) and 550(d) as to Mr. Deneux personally; setoff/recoupment on Fresca41's proofs of claim; statute of limitations (548 only reaches back to Aug 27, 2022 - the monthly payments before that fall outside that count); failure to state a claim; unclean hands – *in pari delicto*, estoppel, fault of a nonparty, laches, offset/set off – recoupment; payment; release; statute of limitation; and waiver,

## DEFENDANTS' PRAYER FOR RELIEF

The Defendants respectfully request that this Court deny the Plaintiff's prayer for relief and enter an order and judgment in favor of the Defendants and against the Trustee, dismissing all actions, granting attorney's fees to the Defendant, and granting such other relief as the Court deems appropriate.

DATED September 16, 2026, at Seattle Washington.

/s/ Ben Ellison
Benjamin Ellison, WSBA No. 48315
SALISH SEA LEGAL PLLC
2212 Queen Anne Ave N., No. 719
Seattle WA 98109
(206) 257-9547
Defendants' counsel